IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Clay E. KONNOR, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Clay E. KONNOR, Respondent.

Supreme Court

*No. 99–0211–D. Filed December 3, 1999.*

(Also reported in 602 N.W.2d 534.)

769

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Clay E. Konnor to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of using for his own purposes funds held in escrow to pay real estate taxes and endorsing a check in the name of a municipality to do so, and breaking into the home of an acquaintance and taking her property, removing an oil painting from a private club and retaining control of it and three other paintings that had been stolen from that club, and practicing law while suspended from practice.

¶ 2. We determine that the appropriate discipline for Attorney Konnor's professional misconduct is the revocation of his license to practice law. By that conduct, some of which led to criminal convictions, he has demonstrated that he is not fit to represent others in legal matters and in our court system.

¶ 3. Attorney Konnor was admitted to practice law in Wisconsin in 1988 and, until his license was summarily suspended in the course of this proceeding, practiced in Milwaukee. He has not been the subject of a prior disciplinary proceeding. The referee, Attorney Stanley Hack, made findings of fact following a disciplinary hearing.

¶ 4. In December 1993, Attorney Konnor endorsed a check in the amount of $3,333.73 from a mortgagee payable to himself and a municipal treasurer. The check represented funds held in escrow to be used for payment of real estate taxes on Attorney Konnor's home. Attorney Konnor deposited the check with

the forged endorsement into a personal checking account, and it was not discovered until three years later at a real estate closing on the residence that the 1993 real estate taxes had not been paid. A criminal complaint charging felony forgery was filed against Attorney Konnor in January 1998, and on a plea bargain he pleaded no contest to one count of misdemeanor theft. Sentence was withheld and the court placed him on one year's probation.

¶ 5. In October 1997, Attorney Konnor removed an oil painting from a private club in Chicago, Illinois. When contacted by the law enforcement authorities the following month, he had in his possession four oil paintings that had been taken from that club, having a value of approximately $30,000. Attorney Konnor returned the paintings to the investigating officer, and the authorities decided not to charge him with a crime.

¶ 6. In November 1997, Attorney Konnor broke into the home of an acquaintance and was discovered removing pieces of musical equipment. Attorney Konnor subsequently pleaded guilty to one count of burglary, sentence was withheld, and the court placed him on five years' probation concurrent with the probation imposed in the theft case. As a condition of probation, the court ordered him to serve 30 days in jail, pay the victim $364 in restitution, and undergo psychiatric treatment.

¶ 7. Beginning in October 1994, Attorney Konnor was suspended from the practice of law several times for failing to pay membership dues to the State Bar and for failing to comply with Continuing Legal Education requirements. While suspended, he continued to represent clients, making numerous court appearances in 1996 and 1997. After being charged with the unauthorized practice of law, he entered pleas to seven

771

misdemeanor counts of practicing law without a license, and eight additional counts were not charged but were read in for purposes of sentencing. The court withheld sentence and placed Attorney Konnor on one year's probation for each of the seven counts, concurrent with each other and concurrent with the probation imposed for the earlier theft and burglary convictions. As a condition of probation, the court ordered him to repay all fees he had received on cases in which he appeared by public defender appointment while suspended from practice.

¶ 8. The referee concluded that by forging the endorsement of the municipal treasurer and committing a burglary, Attorney Konnor committed criminal acts reflecting adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[1] The referee concluded further that by taking an oil painting and retaining three others that had been stolen, he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c),[2] and by engaging in the practice of law while suspended from practice, he violated SCR 20:8.4(b) and 20:5.5(a).[3]

---

[1] SCR 20:8.4(b) provides:

It is professional misconduct for a lawyer to:
(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

[2] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3] SCR 20:5.5(a) provides:

A lawyer shall not:

¶ 9. As discipline for that misconduct, the referee recommended that Attorney Konnor's license to practice law be revoked. The referee considered the personal and medical problems Attorney Konnor had suffered, for which he has been receiving treatment, but he rejected the contention that those problems caused the misconduct. The referee found on the basis of the evidence that Attorney Konnor's ongoing medical problems may be controlled but never will be fully cured. The referee considered as mitigating factors Attorney Konnor's admission of the charges of misconduct and the fact that he voluntarily withdrew from the practice of law prior to the court's summary suspension of his license at the outset of this proceeding. In addition to the license revocation, the referee recommended that Attorney Konnor be required to pay the costs of this proceeding.

¶ 10. We adopt the referee's findings of fact and conclusions of law and determine that the misconduct established in this proceeding warrants the revocation of Attorney Konnor's license to practice law. We determine further that it is appropriate that the revocation be effective as of June 16, 1999, the date on which we granted the motion of the Board of Attorneys Professional Responsibility for the summary suspension of his license, pursuant to SCR 11.03.[4]

---

(a)  practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or

[4] SCR 11.03 provides, in pertinent part:

**Suspension on conviction of crime.**
(1)  Summary suspension. Upon receiving satisfactory proof that an attorney has been convicted of a serious crime, the supreme court may summarily suspend the attorney, pending final disposition of a disciplinary proceeding, whether the conviction resulted from a plea of guilty or no contest or from a verdict after trial, and regardless of the pendency of an appeal.

¶ 11.   IT IS ORDERED that the license of Clay E. Konnor to practice law in Wisconsin is revoked, effective June 16, 1999, as discipline for professional misconduct.

¶ 12.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Clay E. Konnor pay to the Board of Attorneys Professional Responsibility the costs of this proceeding.

¶ 13.   IT IS FURTHER ORDERED that Clay E. Konnor comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

---

(2)   Serious crime, definition. The term "serious crime" means a felony or any lesser crime which, in the opinion of the court, reflects upon the attorney's fitness.